substance, that the firm, or some of its members, have made payments and transfers, of property, immediately before the application in bankruptcy, involving preferences, in violation of the statute. One clause in section 29 of the act provides, that if the bankrupt "has given any fraudulent preference contrary to the provisions of this act, or made any fraudulent payment, gift, transfer, conveyance, or assignment of any part of his property, he shall not receive a discharge." In his examination, John Jorey admits that just preceding the petition in bankruptcy by the firm, he gave his wife $600 in cash, to pay expenses of the family. This the law does not authorize. He claimed, and there was set off to him by the assignee, certain property and assets, exempt from the operation of the bankrupt act, which was all he had a right to retain. The money given to his wife belonged to his creditors, and should have been entered on his schedule of property and assets. He returns no cash on hand, whereas he should have included the $600 in the schedule. This, however intended, was a fraud upon, and in violation of, the statute. In addition to this, without noticing other unlawful preferences, it appears that John Jorey transferred to his brother-in-law, Dingle, several promissory notes held by him, in payment of a debt due to Dingle. This was after the insolvency of the firm was known by the bankrupts, and by the person to whom the payment was made. It was, therefore, a preference in violation of the statute.

Without referring to the other objections to the discharge of these bankrupts—some of which are clearly sustained by the proofs— I have no hesitancy in holding that their discharge must be refused.

## Case No. 7,531.

Case of JOSE FERREIRA DOS SANTOS.

[See Case No. 4,016.]

## Case No. 7,532.

In re JOSEPH.

[2 Woods, 390.] [1]

Circuit Court, S. D. Georgia. June Term. 1875.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

H. R. Jackson, A. R. Lawton, and W. S. Basinger, for the motion.

Charles N. West, contra.

Before BRADLEY, Circuit Justice, and WOODS, Circuit Judge.

WOODS, Circuit Judge. E. Waitzfelder & Co., claiming to be creditors of the bankrupt, proved their debt before the register. Cochran, McLean & Co., who it is was conceded were bona fide creditors of the bankrupt, moved the register to expunge the proof of the claim of Waitzfelder & Co., and testimony having been taken by both parties, the register, by agreement, referred the matter to the judge of the district court. After hearing the evidence, the district judge refused to grant the motion to expunge. Thereupon, Cochran, McLean & Co. filed their petition under the second section of the bankrupt act, alleging that they were aggrieved by the decision of the district judge, and praying a review and reversal of his order. The revision sought was upon the same motion and evidence as that submitted to the district judge. Waitzfelder & Co. now move this court to dismiss the petition on the ground that the case is not within the revisory jurisdiction of the circuit court, and this motion presents the question now to be determined. The second section of the bankrupt act (Rev. St. § 4986), declares that "the circuit court for each district shall have a general superintendence and jurisdiction of all cases and questions arising in the district court for such district when sitting as a court of bankruptcy * * * and, except when special provision is otherwise made, may upon bill, petition, or other proper process of any party aggrieved, hear and determine the case as in a court of equity." Two points are presented by this section for solution: (1) Whether one creditor is authorized to make a case or question by opposing the allowance of the debt of another creditor, and (2), if the bankrupt court has overruled his opposition and allowed the debt, whether any "special provision is otherwise made" except by petition of review, by which he can take the case or question to the circuit court for revision.

Upon the first point, it seems clear that one creditor may oppose the allowance of the claim of any other creditor. There is a fixed amount of assets, out of which the creditors are to be paid pro rata. Each one